*Commonwealth of Massachusetts*
**Middlesex Superior Court Department**
**The Trial Court**
**Woburn**

Docket #2181CV04502

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings in #2181CV04502 entered in the Superior Court on the 19th day of November in the year of our Lord 2021.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at Woburn in said county, this 6th day of January, in the year of our Lord Two Thousand Twenty-Two.

C. Andrew Johnson
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX COUNTY
Public Docket Report

### 2181CV04502 Fleming, Kelli et al vs. Select Portfolio Servicing et al

| | |
|---|---|
| **CASE TYPE:** Real Property | **FILE DATE:** 11/19/2021 |
| **ACTION CODE:** C99 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Other Real Property Action | |
| **CASE DISPOSITION DATE:** 12/20/2021 | **CASE STATUS :** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE :** 12/20/2021 |
| **CASE JUDGE:** | **CASE SESSION:** Civil C Rm 740 |

## PARTIES

| | |
|---|---|
| **Plaintiff**<br>Fleming, Kelli<br>PO Box 1087<br>Marstons Mills, MA 02648 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |
| **Plaintiff**<br>Gosselin, Betsy-Anne<br>86 N. Main Street<br>Whitinsville, MA 01588 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |
| **Plaintiff**<br>Morgan, Jared<br>84 Garden St<br>Feeding Hills, FL 01030 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |
| **Plaintiff**<br>Pappalardo, Joseph T<br>3340 Se Federal Hywy<br>Stuart, FL 34997 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |

| **Plaintiff**<br>Pettway, Alan<br>145 Front Street #1429<br>Worcester, MA 01608 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |
|---|---|
| **Plaintiff**<br>Prioli, Donna M<br>592 Broad St<br>East Weymouth, MA 02189 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |
| **Plaintiff**<br>Prioli, Paul S<br>592 Broad St<br>East Weymouth, MA 02189 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |
| **Plaintiff**<br>Squires, Peter M<br>31 Draper Street<br>Springfield, MA 01108 | **Attorney** 659109<br>Todd Dion<br>Law Offices of Todd S. Dion Esq.<br>Law Offices of Todd S. Dion Esq.<br>15 Cottage Ave Ste 202<br>Quincy, MA 02169<br>Work Phone (401) 965-4131<br>Added Date: 11/19/2021 |

| Defendant | Attorney | PROPER |
|---|---|---|
| Deutsche Bank Nat'l Tr. Co., As Indenture Trustee, Accredited Mtg. Loan Tr. 2005-4<br>1761 East St. Andrews Pl, 2nd FL<br>Santa Ana, CA 92705 | Pro Se<br>Massachusetts Bar<br>Added Date: 11/19/2021 | |
| | **Attorney**<br>Donald W Seeley<br>Hinshaw and Culberston LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7043<br>Added Date: 12/20/2021 | 663568 |
| | **Attorney**<br>Samuel C Bodurtha<br>Hinshaw and Culberston LLP<br>Hinshaw and Culberston LLP<br>53 State St<br>27th Flor<br>Boston, MA 02109<br>Work Phone (617) 213-7039<br>Added Date: 12/20/2021 | 665755 |
| **Defendant**<br>Deutsche Bank Nat'l Tr. Co., As Trustee, For Long Beach Mtg. Loan Tr. 2006-Wl2<br>1761 East St. Andrew Pl., 2nd Fl.<br>Santa Ana, CA 92705 | **Attorney**<br>Pro Se<br>Massachusetts Bar<br>Added Date: 11/19/2021 | PROPER |
| | **Attorney**<br>Donald W Seeley<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7043<br>Added Date: 12/20/2021 | 663568 |
| | **Attorney**<br>Samuel C Bodurtha<br>Hinshaw and Culberston LLP<br>Hinshaw and Culberston LLP<br>53 State St<br>27th Flor<br>Boston, MA 02109<br>Work Phone (617) 213-7039<br>Added Date: 12/20/2021 | 665755 |

| **Defendant** | **Attorney** | **PROPER** |
|---|---|---|
| Select Portfolio Servicing | Pro Se | |
| 3217 South Decker Lake Drive | Massachusetts Bar | |
| Salt Lake City, UT 84119 | Added Date: 11/19/2021 | |

| | **Private Counsel** | **663568** |
|---|---|---|
| | Donald W Seeley | |
| | Hinshaw and Culbertson LLP | |
| | Hinshaw and Culbertson LLP | |
| | 53 State St | |
| | 27th Floor | |
| | Boston, MA 02109 | |
| | Work Phone (617) 213-7043 | |
| | Added Date: 12/06/2021 | |

| | **Private Counsel** | **665755** |
|---|---|---|
| | Samuel C Bodurtha | |
| | Hinshaw and Culbertson LLP | |
| | Hinshaw and Culberston LLP | |
| | 53 State St | |
| | 27th Flor | |
| | Boston, MA 02109 | |
| | Work Phone (617) 213-7039 | |
| | Added Date: 12/06/2021 | |

| **Defendant** | **Attorney** | **PROPER** |
|---|---|---|
| Us Bank As Trustee Of Bear Stearns Asset Backed | Pro Se | |
| Securities I Tr, 2006-He2 | Massachusetts Bar | |
| 425 Walnut St | Added Date: 11/19/2021 | |
| Cincinnati, OH 45202 | | |

| | **Attorney** | **663568** |
|---|---|---|
| | Donald W Seeley | |
| | Hinshaw and Culbertson LLP | |
| | Hinshaw and Culbertson LLP | |
| | 53 State St | |
| | 27th Floor | |
| | Boston, MA 02109 | |
| | Work Phone (617) 213-7043 | |
| | Added Date: 12/20/2021 | |

| | **Attorney** | **665755** |
|---|---|---|
| | Samuel C Bodurtha | |
| | Hinshaw and Culbertson LLP | |
| | Hinshaw and Culberston LLP | |
| | 53 State St | |
| | 27th Flor | |
| | Boston, MA 02109 | |
| | Work Phone (617) 213-7039 | |
| | Added Date: 12/20/2021 | |

| Defendant | Attorney | PROPER |
|---|---|---|
| Us Bank Nat'l Ass'n As Trustee For The Cim Trust 2016-3<br>425 Walnut St<br>Cincinnati, OH 45202 | Pro Se<br>Massachusetts Bar<br>Added Date: 11/19/2021 | |
| | **Attorney**<br>Donald W Seeley<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7043<br>Added Date: 12/20/2021 | 663568 |
| | **Attorney**<br>Samuel C Bodurtha<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culberston LLP<br>53 State St<br>27th Flor<br>Boston, MA 02109<br>Work Phone (617) 213-7039<br>Added Date: 12/20/2021 | 665755 |
| **Defendant**<br>Us Bank, Na, Trustee Of Bear Stearns Asset Backed Securities I Llc Series 2007-Aq2<br>425 Walnut Street<br>Cincinnati, OH 45202 | **Attorney**<br>Pro Se<br>Massachusetts Bar<br>Added Date: 11/19/2021 | PROPER |
| | **Attorney**<br>Donald W Seeley<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7043<br>Added Date: 12/20/2021 | 663568 |
| | **Attorney**<br>Samuel C Bodurtha<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culberston LLP<br>53 State St<br>27th Flor<br>Boston, MA 02109<br>Work Phone (617) 213-7039<br>Added Date: 12/20/2021 | 665755 |

| Defendant | Attorney | PROPER |
|---|---|---|
| Wilmington Trust, Na, Trustee For Bear Stearns Alt-A Trust 2006-4<br>1100 North Market Street<br>Wilmington, DE 19890 | Pro Se<br>Massachusetts Bar<br>Added Date: 11/19/2021 | |
| | **Attorney**<br>Donald W Seeley<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7043<br>Added Date: 12/20/2021 | 663568 |
| | **Attorney**<br>Samuel C Bodurtha<br>Hinshaw and Culberston LLP<br>Hinshaw and Culberston LLP<br>53 State St<br>27th Flor<br>Boston, MA 02109<br>Work Phone (617) 213-7039<br>Added Date: 12/20/2021 | 665755 |

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 11/19/2021 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/19/2021 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/19/2021 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| 11/24/2021 | Fee for attested copies of court documents and records assessed, G.L. c. 262 § 4b. | 105.00 | 105.00 | 0.00 | 0.00 |
| | **Total** | **380.00** | **380.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Public Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 11/19/2021 | 1 | Civil action cover sheet filed. | |
| 11/19/2021 | 2 | Complaint electronically filed. | |
| 11/19/2021 | | Demand for jury trial entered. | |
| 11/19/2021 | | Case assigned to:<br>DCM Track F - Fast Track was added on 11/19/2021 | |
| 11/19/2021 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Todd Dion, Esq. toddsdion@msn.com | |
| 12/06/2021 | | Attorney appearance electronically filed. | |
| 12/06/2021 | | Attorney appearance electronically filed. | |
| 12/06/2021 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added as Private Counsel for Defendant Select Portfolio Servicing | |
| 12/06/2021 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added as Private Counsel for Defendant Select Portfolio Servicing | |
| 12/20/2021 | | Attorney appearance electronically filed. | |
| 12/20/2021 | | Attorney appearance electronically filed. | |
| 12/20/2021 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Deutsche Bank Nat'l Tr. Co., As Indenture Trustee, Accredited Mtg. Loan Tr. 2005-4 | |
| 12/20/2021 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Deutsche Bank Nat'l Tr. Co., As Trustee, For Long Beach Mtg. Loan Tr. 2006-Wl2 | |
| 12/20/2021 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Us Bank, Na, Trustee Of Bear Stearns Asset Backed Securities I Llc Series 2007-Aq2 | |
| 12/20/2021 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Us Bank As Trustee Of Bear Stearns Asset Backed Securities I Tr, 2006-He2 | |
| 12/20/2021 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Us Bank Nat'l Ass'n As Trustee For The Cim Trust 2016-3 | |
| 12/20/2021 | | Attorney appearance<br>On this date Donald W Seeley, Jr., Esq. added for Defendant Wilmington Trust, Na, Trustee For Bear Stearns Alt-A Trust 2006-4 | |
| 12/20/2021 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant Deutsche Bank Nat'l Tr. Co., As Indenture Trustee, Accredited Mtg. Loan Tr. 2005-4 | |



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Public Docket Report**

| | | |
|---|---|---|
| 12/20/2021 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant Deutsche Bank Nat'l Tr. Co., As Trustee, For Long Beach Mtg. Loan Tr. 2006-WI2 |
| 12/20/2021 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant Us Bank, Na, Trustee Of Bear Stearns Asset Backed Securities I Llc Series 2007-Aq2 |
| 12/20/2021 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant Us Bank As Trustee Of Bear Stearns Asset Backed Securities I Tr, 2006-He2 |
| 12/20/2021 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant Us Bank Nat'l Ass'n As Trustee For The Cim Trust 2016-3 |
| 12/20/2021 | | Attorney appearance<br>On this date Samuel C Bodurtha, Esq. added for Defendant Wilmington Trust, Na, Trustee For Bear Stearns Alt-A Trust 2006-4 |
| 12/20/2021 | 3 | Defendant Select Portfolio Servicing's Notice of Filing of Notice of Removal |
| 12/20/2021 | | REMOVED to the U.S. District Court<br><br>Applies To : Bodurtha, Esq., Samuel C (Attorney) on behalf of Select Portfolio Servicing (Defendant) |
| 12/20/2021 | | Case transferred to another court. |

**MIDDLESEX, SS.**    *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this Sixth day of January, 2022.

_____
Deputy Assistant Clerk

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**

**MIDDLESEX, ss**

KELLI FLEMING, BETSY ANNE GOSSELIN,      )
JOSEPH T. PAPPALARDO, ALAN PETTWAY,      )
PETER M. SQUIRES, JARED MORGAN AND       )
DONNA M. PRIOLI AND PAUL S. PRIOLI       )
On behalf of themselves and              )
all others so similarly situated,        )
                                         )
          *Plaintiff,*                   )
                                         )
                                         )
   vs.                                   )
                                         )
SELECT PORTFOLIO SERVICING and           )
                                         )
DEUTSCHE BANK NATIONAL TRUST             )
COMPANY, AS INDENTURE TRUSTEE, ON        )
BEHALF OF THE HOLDERS OF THE             )
ACCREDITED MORTGAGE LOAN TRUST           )
2005-4 ASSET BACKED NOTES;               )
                                         )
DEUTSCHE BANK NATIONAL TRUST             )
COMPANY AS TRUSTEE, IN TRUST FOR         )
REGISTERED HOLDERS OF LONG BEACH         )
MORTGAGE LOAN TRUST 2006-1, ASSET-       )
BACKED CERTIFICATES, SERIES 2006-1;      )
                                         )
DEUTSCHE BANK NATIONAL TRUST             )
COMPANY, AS TRUSTEE FOR LONG BEACH       )
MORTGAGE LOAN TRUST 2006-WL2;            )
                                         )
U.S. BANK NA, SUCCESSOR TRUSTEE TO       )
BANK OF AMERICA, NA, SUCCESSOR IN        )
INTEREST TO LASALLE BANK NA, ON          )
BEHALF OF THE REGISTERED HOLDERS OF      )
BEAR STEARNS ASSET BACKED SECURITIES     )
I LLC, ASSET-BACKED CERTIFICATES,        )
SERIES 2007-AQ2;                         )
                                         )
                                         )
U.S. BANK, SUCCESSOR TRUSTEE TO          )

C.A. NO. 21- 4502

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

**RECEIVED**

11/19/2021      HG

LASALLE BANK NATIONAL ASSOCIATION,    )
ON BEHALF OF THE HOLDERS OF BEAR       )
STEARNS ASSET BACKED SECURITIES I      )
TRUST 2006-HE2, ASSET-BACKED           )
CERTIFICATES SERIES 2006-HE2           )
                                        )
U.S. BANK NATIONAL ASSOCIATION, AS     )
INDENTURE TRUSTEE, FOR THE CIM TRUST  )
2016-3, MORTGAGE-BACKED NOTES,         )
SERIES 2016-3;                          )
                                        )
WILMINGTON TRUST, NA, SUCCESSOR        )
TRUSTEE TO CITIBANK, N.A., AS TRUSTEE  )
FOR BEAR STEARNS ALT-A TRUST 2006-4.   )
MORTGAGE PASS-THROUGH CERTIFICATES,)
SERIES 2006-4                           )
                                        )
          *Defendants*                  )
                                        )

## **INTRODUCTION**

1.     The Representative Plaintiffs, Kelli Fleming, Betsy Anne Gosselin, Joseph T. Pappalardo,

Alan Pettway, Peter M. Squires, Jared Morgan, Donna M. Prioli and Paul S. Prioli, on behalf of

themselves and all others so similarly situated, bring this action as described in the paragraphs set

forth herein. This class action complaint alleges that Defendants, Select Portfolio Servicing

("SPS") and/or Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the

Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes ("Deutsche Bank"),

Deutsche Bank National Trust Company, as Trustee, in trust for registered holders of Long Beach

Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2006-1 ("Deutsche Bank"),

Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-

WL2 ("Deutsche Bank"), U.S. Bank NA, successor trustee to Bank of America, NA, successor in

interest to LaSalle Bank NA, on behalf of the registered holders of Bear Stearns Asset Backed

Securities I LLC, Asset-Backed Certificates, Series 2007-AQ2 ("U.S. Bank"), U.S. Bank,

successor trustee to LaSalle bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE2, Asset-Backed Certificates Series 2006-HE2 ("U.S. Bank"), U.S. Bank National Association, as Indenture Trustee, for the CIM Trust 2016-3, Mortgage-Backed Notes, Series, 2016-3 ("U.S. Bank") and Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee for bear Stearns ALT-A Trust 2006-4, Mortgage Pass-Through Certificates, Series 2006-4 ("Wilmington Trust"), breached of the terms of those certain mortgages noted herein, given by Class Plaintiffs as secured by their real properties and in the case of the representative Plaintiffs, secured by real properties located at 26 Montgomery Drive, Framingham, MA 01701, 153 Cooper Road, Northbridge, MA 01534, 123 Cambridge Rd. Unit 123-D, Woburn, MA 01801, 34 Nutmeg Drive, Worcester, MA 01603, 31-33 Draper Street, Springfield, MA 01108, 90 Monticello Avenue, Springfield, MA 01109 and 17 Rosina Road, Weymouth, MA 02189, as well as the real properties of those Plaintiffs in the class.

2.      The Defendants breached the mortgage contracts in violation of M.G.L. c. 183 § 21 by sending purported default notices that failed to strictly comply with Paragraph 22 of the mortgage contracts.  Representative Plaintiffs, on behalf of themselves and all those similarly situated, allege that all default/right to cure notices described in this Class Action Complaint that were sent by Defendant SPS on behalf on mortgagees presently known and unknown are invalid and resulted in void foreclosures for violating M.G.L. c. 183 § 21. Defendants' breaches resulted in void default notices pursuant to the terms to the mortgages (paragraph 22), void foreclosure notices, void foreclosure auctions pursuant to said mortgages, void foreclosure sales and void foreclosure deeds.

3.      The Representative Plaintiffs, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants breached the terms of the mortgages and further find said default notices are invalid and void.  In addition, said Plaintiffs ask that this Court

find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded.   Representative Plaintiffs asks that this Honorable Court declare that any such default notices sent to the Class Plaintiffs as described in this complaint be null and void, declare that any notices of mortgagee's foreclosure sales made to the Class Plaintiffs subsequent to such void default notices and void right to cure notices be null and void, enjoin the Defendants from conducting any foreclosure auctions or conveyance of the subject properties and declare any foreclosure deeds for said Class Plaintiffs null and void.  Class Plaintiffs also seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

## JURISDICTION AND VENUE

4.     This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

5.     Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

6.     Pursuant to Mass. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

7.     Pursuant to Mass. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

8.     Pursuant to Mass. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the class.

4

9.      Pursuant to Mass. R. Civ. P. Rule 23(a)(4), the Representative Plaintiffs will fairly and adequately protect the interests of the class.

10.     Pursuant to Mass. R. Civ. P. Rule 23(b), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

11.     Pursuant to Mass. R. Civ. P. Rule 23(b), the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

12.     Pursuant to Mass. R. Civ. P. Rule 23(b), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy

**PARTIES**

13.     Representative Plaintiff, Kelli Fleming, is a citizen of Massachusetts and the owner of the subject property located at 26 Montgomery Drive, Framingham, MA 01701 ("Fleming Property"). Her address is PO Box 1087, Marstons Mills, MA 02648.

14.     Representative Plaintiff, Betsy-Anne Gosselin, is a citizen of Massachusetts and the owner of the subject property located at 153 Cooper Road, Northbridge, MA 01534 ("Gosselin Property"). Her address is 86 N. Main Street, Whitinsville, MA 01588.

15.    Representative Plaintiff, Joseph T. Pappalardo, is a citizen of Florida and the owner of the subject property located at 123 Cambridge Rd., Unit 123-D, Woburn, MA 01801 ("Pappalardo Property"). His address is 3340 SE Federal Hywy, Stuart, FL 34997.

16.    Representative Plaintiff, Alan Pettway, is a citizen of Massachusetts and the owner of the subject property located at 34 Nutmeg Drive, Worcester, MA 01603 ("Pettway Property"). His address is 145 Front Street, #1429, Worcester, MA 01608

17.    Representative Plaintiff, Peter M. Squires, is a citizen of Massachusetts and the owner of the subject property located at 31-33 Draper Street, Springfield, MA 01108 (Squires Property").

18.    Representative Plaintiff, Jared Morgan, is a citizen of Massachusetts and the owner of the subject property located at 90 Monticello Avenue, Springfield, MA 01109 ("Morgan Property"). He is located at 84 Garden St., Feeding Hills, MA 01030.

19.    Representative Plaintiffs, Donna M. Prioli and Paul S. Prioli, is a citizen of Massachusetts and the owner of the subject property located at 17 Rosina Road, Weymouth, MA 02189 ("Prioli Property"). Their address is 592 Broad St, East Weymouth, MA 02189.

20.    Defendant, Select Portfolio Servicing ("SPS"), is a residential mortgage servicing company, located at 3217 South Decker Lake Drive, Salt Lake City, UT 84119. Class Plaintiffs hereby challenge the validity all erroneous and potentially deceptive and misleading default/ right to cure notices sent by SPS as described in this Complaint and all resulting foreclosures initiated and conducted subsequent to such notices.

21.    Defendant, Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes ("Deutsche Bank"), is a purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the

Fleming Property. Deutsche Bank is located at 1761 East St. Andrew Place, 2nd Floor, Santa Ana, CA 92705.

22. Defendant, Deutsche Bank National Trust Company, as Trustee, in trust for registered holders of Long Beach Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2006-1 ("Deutsche Bank"), is a purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the Gosselin Property. Deutsche Bank is located at 1761 East St. Andrew Place, 2nd Floor, Santa Ana, CA 92705.

23. Defendant, Deutsche Bank National Trust Company, as Trustee, for Long Beach Mortgage Loan Trust 2006-WL2 ("Deutsche Bank"), is a purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the Pappalardo Property. Deutsche Bank is located at 1761 East St. Andrew Place, 2nd Floor, Santa Ana, CA 92705.

24. Defendant, U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, on behalf of the registered holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-AQ2 ("U.S. Bank"), is a purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the Pettway Property. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

25. Defendant, U.S. Bank successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust, 2006-HE2, Asset-Backed Certificates Series 2006-HE2 ("U.S. Bank"), is a purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the Squires Property. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

26. Defendant, U.S. Bank National Association, as Indenture Trustee, for the CIM Trust 2016-3, Mortgage-Backed Notes, Series 2016-3 ("U.S. Bank"), is a purported trustee of a securitized

mortgage-backed trust that wrongfully foreclosed on the Morgan Property. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

27.      Defendant, Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee for Bear Stearns ALT-A Trust 2006-4, Mortgage Pass-Through Certificates, Series 2006-4 ("Wilmington Trust"), is a purported trustee of a securitized mortgage-backed trust that wrongfully foreclosed on the Prioli Property. Wilmington Trust is located at 1100 North Market Street, Wilmington, DE 19890.

28.      At all times herein mentioned, Defendants, SPS and Deutsche Bank, SPS and U.S. Bank and SPS and Wilmington Trust both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

29.      Defendants, SPS and Deutsche Bank, SPS and U.S. Bank and SPS and Wilmington Trust had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## ALLEGATIONS OF THE FLEMING REPRESENTATIVE PLAINTIFF

30.      Representative Plaintiff, Kelli Fleming, claims to be the owner of real property located 26 Montgomery Drive, Framingham, MA 01701, which is the subject property as referenced herein.

31.      Representative Plaintiff Fleming brings this action on behalf of herself and all others so similarly situated.

32.      On July 21, 2004, the subject property was granted to Representative Plaintiff Fleming. The Deed evidencing transfer of the ownership of the subject property was recorded in the Middlesex Registry of Deeds in Book 43429 at Page 37 on August 2, 2004.

33.    On September 23, 2005, Representative Plaintiff Fleming granted a Mortgage loan, secured

by the subject property, in the amount of $519,900.00, which was recorded in the Middlesex

Registry of Deeds in Book 46328 at Page 508 on October 24, 2005. (the Fleming Mortgage) The

Mortgage identified Accredited Home Lenders, Inc. as the Lender and Mortgage electronic

Registration Systems ("MERS") as mortgagee.

34.    The Fleming Mortgage states at paragraph 22 as follows:

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
acceleration following Borrower's breach of any covenant or agreement in this
Security Instrument...The notice shall specify: (a) the default; (b) the action
required to cure the default; (c) a date, not less than 30 days from the date the notice
is given to Borrower, by which the default must be cured; and (d) that failure to
cure the default on or before the date specified in the notice may result in
acceleration of the sums secured by this Security Instrument and sale of the
Property. The notice shall further inform Borrower of the right to reinstate after
acceleration and the right to bring a court action to assert the non-existence of a
default or any other defense of Borrower to acceleration and sale. If the default is
not cured on or before the date specified in the notice, Lender at its option may
require immediate payment in full of all sums secured by this Security Instrument
without further demand and may invoke the STATUTORY POWER OF SALE and
any other remedies permitted by Applicable Law. Lender shall be entitled to collect
all expenses incurred in pursuing the remedies provided in this Section 22,
including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
this Security Instrument; and (c) any excess to the person or persons legally entitled
to it."

35.    On January 8, 2010, MERS. purportedly assigned the Fleming Mortgage to Deutsche Bank.

Said assignment was recorded in the Middlesex County Registry of Deeds in Book 54187 at Page

460 on January 10, 2010.

36.    On or about January 8, 2016, Defendant, SPS, allegedly sent to Representative Plaintiff Fleming a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Fleming Mortgage.  The Notice fails to inform the Representative Plaintiffs of her "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

37.    Also on or about January 8, 2016, Defendant SPS, allegedly sent to Representative Plaintiff Fleming an "Untitled Letter" that does not include a heading.  On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and* commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

38.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

39.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

40.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

41.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice. See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

42.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages. Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

43.    Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Fleming Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

44.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

45.    On August 5, 2019, a foreclosure deed, dated July 3, 2019, was recorded in the Middlesex County Registry of Deeds Book 73056 at Page 173 purporting to grant the Fleming property to Defendant Deutsche Bank. The foreclosure deed is null and void.

## ALLEGATIONS OF THE GOSSELIN REPRESENTATIVE PLAINTIFF

46.     Representative Plaintiff, Betsy-Anne Gosselin, claims to be the owner of real property located 153 Cooper Road, Northbridge, MA 01534, which is the subject property as referenced herein.

47.     Representative Plaintiff Gosselin brings this action on behalf of herself and all others so similarly situated.

48.     On December 5, 2005, the subject property was granted to Representative Plaintiff Gosselin. The Deed evidencing transfer of the ownership of the subject property was recorded in the Worcester Registry of Deeds in Book 38068 at Page 230 on December 21, 2005.

49.     On December 20, 2005, Representative Plaintiff Gosselin granted a Mortgage loan, secured by the subject property, in the amount of $228,000.00, which was recorded in the Worcester Registry of Deeds in Book 38068 at Page 232 on December 21, 2005. (the Gosselin Mortgage) The Mortgage identified Long Beach Mortgage Co. as the Lender and Mortgagee.

50.     The Gosselin Mortgage states at paragraph 22 as follows:

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it."

51.    On September 6, 2016, JP Morgan as successor in interest to Long Beach purportedly

assigned the Gosselin Mortgage to Deutsche Bank. Said assignment was recorded in the Worcester

County Registry of Deeds in Book 55957 at Page 158 on September 13, 2016.

52.    On or about January 8, 2016, Defendant, SPS, allegedly sent to Representative Plaintiff

Gosselin a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and

Paragraph 22 of the Gosselin Mortgage. The Notice fails to inform the Representative Plaintiffs

of her "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

53.    Also on or about January 8, 2016, Defendant SPS, allegedly sent to Representative Plaintiff

Gosselin an "Untitled Letter" that does not include a heading. On page 3 of the Untitled Letter the

Letter states "you have a right to reinstate after acceleration of your loan *and* commencement of

foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

54.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests

that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to

reinstate the mortgage after acceleration. Such additional language waters down the unequivocal

right to reinstate after acceleration and may potentially deceive the homeowner to wait for

"foreclosure proceedings" while the homeowners loan balance is increasing during such time.

55.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to

constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance,

organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

56.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

57.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

58.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages.  Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

59.    Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Gosselin Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with Paragraph 22 of the mortgages.

60.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c.

183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

61.    On November 26, 2018, a foreclosure deed, dated November 9, 2018 was recorded in the Worcester County Registry of Deeds Book 59730 at Page 180 purporting to grant the Gosselin property to Defendant Deutsche Bank.  The foreclosure deed is null and void.

### ALLEGATIONS OF THE PAPPALARDO REPRESENTATIVE PLAINTIFF

62.    Representative Plaintiff, Joseph T. Pappalardo, claims to be the owner of real property located 123 Cambridge Road, Unit 123-D, Woburn, MA 01801, which is the subject property as referenced herein.

63.    Representative Plaintiff Pappalardo brings this action on behalf of himself and all others so similarly situated.

64.    On October 3, 2005, the subject property was granted to Representative Plaintiff Pappalardo. The Deed evidencing transfer of the ownership of the subject property was recorded in the Middlesex Registry of Deeds in Book 46244 at Page 435 on October 7, 2005.

65.    On October 6, 2005, Representative Plaintiff Pappalardo granted a Mortgage loan, secured by the subject property, in the amount of $195,200.00, which was recorded in the Middlesex Registry of Deeds in Book 46244 at Page 438 on October 7, 2005. (the Pappalardo Mortgage) The Mortgage identified Long Beach Mortgage Co. as the Lender and Mortgagee.

66.    The Pappalardo Mortgage states at Paragraph 22 as follows;

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after

acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

67.    On May 22, 2012, Long Beach purportedly assigned the Pappalardo Mortgage to Deutsche Bank. Said assignment was recorded in the Middlesex County Registry of Deeds in Book 59355 at Page 365 on June 22, 2012.

68.    On or about June 29, 2017, Defendant, SPS, allegedly sent to Representative Plaintiff Pappalardo a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Pappalardo Mortgage. The Notice fails to inform the Representative Plaintiff of his "right to reinstate the mortgage after acceleration" and his "right to bring a court action".

69.    Also on or about June 29, 2017, Defendant SPS, allegedly sent to Representative Plaintiff Pappalardo an "Untitled Letter" that does not include a heading. On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and* commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

70.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration. Such additional language waters down the unequivocal

right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

71.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

72.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

73.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

74.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages.  Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

75.     Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Pappalardo Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with Paragraph 22 of the mortgages.

76.     As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

77.     On October 2, 2019, a foreclosure deed, dated September 20, 2019 was recorded in the Middlesex County Registry of Deeds Book 73392 at Page 536 purporting to grant the Pappalardo property to Defendant Deutsche Bank.  The foreclosure deed is null and void.

### ALLEGATIONS OF THE PETTWAY REPRESENTATIVE PLAINTIFF

78.     Representative Plaintiff, Alan Pettway, claims to be the owner of real property located 34 Nutmeg Drive, Worcester, MA 01603, which is the subject property as referenced herein.

79.     Representative Plaintiff Pettway brings this action on behalf of himself and all others so similarly situated.

80.     On March 29, 2004, the subject property was granted to Representative Plaintiff Pettway. The Deed evidencing transfer of the ownership of the subject property was recorded in the Worcester Registry of Deeds in Book 33216 at Page 165 on April 2, 2004.

81.     On November 13, 2006, Representative Plaintiff Pettway granted a Mortgage loan, secured by the subject property, in the amount of $235,800.00, which was recorded in the Worcester Registry of Deeds in Book 40430 at Page 132 on December 29, 2006. (the Pettway Mortgage) The Mortgage identified Argent Mortgage Company. as the Lender and Mortgagee.

82.     The Pettway Mortgage states at paragraph 22 as follows:

18

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

83.    On April 29, 2013, the Pettway Mortgage was purportedly assigned to U.S. Bank. Said assignment was recorded in the Worcester County Registry of Deeds in Book 50860 at Page 309 on May 9, 2013.

84.    On or about February 4, 2016, Defendant, SPS, allegedly sent to Representative Plaintiff Pettway a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Pettway Mortgage. The Notice fails to inform the Representative Plaintiff of his "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

85.    Also on or about February 4, 2016, Defendant SPS, allegedly sent to Representative Plaintiff Pettway an "Untitled Letter" that does not include a heading. On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and*

commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

86.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

87.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

88.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

89.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

90.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the

Mortgages. Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

91.     Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Pettway Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with Paragraph 22 of the mortgages.

92.     As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

93.     On September 16, 2019, a foreclosure deed, dated August 26, 2019, was recorded in the Worcester County Registry of Deeds Book 61057 at Page 323 purporting to grant the Pettway property to Defendant US Bank. The foreclosure deed is null and void.

**ALLEGATIONS OF THE SQUIRES REPRESENTATIVE PLAINTIFF**

94.     Representative Plaintiff, Peter M. Squires, claims to be the owner of real property located 31-33 Draper Street, Springfield, MA, which is the subject property as referenced herein.

95.     Representative Plaintiff Squires brings this action on behalf of himself and all others so similarly situated.

96.     On October 14, 2003, the subject property was granted to Representative Plaintiff Squires. The Deed evidencing transfer of the ownership of the subject property was recorded in the Hampden Registry of Deeds in Book 13687 at Page 464 on October 16, 2003.

97.    On October 31, 2005, Representative Plaintiff Squires granted a Mortgage loan, secured

by the subject property, in the amount of $133,600.00, which was recorded in the Hampden

Registry of Deeds in Book 15544 at Page 165 on December 2, 2005. (the Squires Mortgage) The

Mortgage identified Town and Country Credit Corp. as the Lender and Mortgagee.

98.    The Squires Mortgage states at Paragraph 22 as follows:

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument...The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it."

99.    On February 16, 2018, the Squires Mortgage was purportedly assigned to U.S. Bank. Said

assignment was recorded in the Hampden County Registry of Deeds in Book 22101 at Page 100

on March 21, 2018.

100.    On or about January 8, 2016, Defendant, SPS, allegedly sent to Representative Plaintiff

Squires a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and

Paragraph 22 of the Squires Mortgage. The Notice fails to inform the Representative Plaintiff of her "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

101.    Also on or about January 8, 2016, Defendant SPS, allegedly sent to Representative Plaintiff Squires an "Untitled Letter" that does not include a heading. On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and* commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

102.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration. Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

103.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

104.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice". See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

105.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice. See Towd

Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

106.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages. Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

107.    Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Squires Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with Paragraph 22 of the mortgages.

108.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

109.    On March 25, 2019, a foreclosure deed, dated March 14, 2019, was recorded in the Hampden County Registry of Deeds Book 15544 at Page 165 purporting to grant the Squires property to Defendant US Bank. The foreclosure deed is null and void.

**ALLEGATIONS OF THE MORGAN REPRESENTATIVE PLAINTIFF**

110.    Representative Plaintiff, Jared Morgan, claims to be the owner of real property located 90 Monticello Avenue, Springfield, MA 01109 which is the subject property as referenced herein.

111.    Representative Plaintiff Morgan brings this action on behalf of himself and all others so similarly situated.

112. On July 20, 2005, the subject property was granted to Representative Plaintiff Morgan. The Deed evidencing transfer of the ownership of the subject property was recorded in the Hampden Registry of Deeds in Book 15189 at Page 374 on July 22, 2005.

113. On July 22, 2005, Representative Plaintiff Morgan granted a Mortgage loan, secured by the subject property, was recorded in the Hampden Registry of Deeds in Book 15189 at Page 378 on July 22, 2005. (the Morgan Mortgage) The Mortgage identified Crevecor Mortgage Inc. as the Lender and MERS as Mortgagee.

114. The Morgan Mortgage states at Paragraph 22 as follows:

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

115.    On February 16, 2018, the Morgan Mortgage was purportedly assigned to U.S. Bank.  Said assignment was recorded in the Hampden County Registry of Deeds in Book 22091 at Page 560 on March 14, 2018.

116.    On or about October 18, 2016, Defendant, SPS, allegedly sent to Representative Plaintiff Morgan a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Morgan Mortgage.  The Notice fails to inform the Representative Plaintiff of her "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

117.    Also on or about October 18, 2016, Defendant SPS, allegedly sent to Representative Plaintiff Morgan an "Untitled Letter" that does not include a heading.  On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and* commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

118.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

119.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

120.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important

information about their mortgage default is being provided that is a part of the default/right to cure notice". See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

121.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

122.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages.  Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

123.    Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Morgan Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with Paragraph 22 of the mortgages.

124.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

125.   On November 26, 2019, a foreclosure deed, dated November 18, 2019, was recorded in the Hampden County Registry of Deeds Book 22973 at Page 385 purporting to grant the Morgan property to Defendant US Bank.  The foreclosure deed is null and void.

## ALLEGATIONS OF THE PRIOLI REPRESENTATIVE PLAINTIFFS

126.   Representative Plaintiffs, Donna M. Prioli and Paul S. Prioli, claim to be the owners of real property located at 17 Rosina Road, Weymouth, MA 02189, which is the subject property as referenced herein.

127.   Representative Plaintiffs Prioli bring this action on behalf of themselves, and all others so similarly situated.

128.   On April 7, 2006, the subject property was granted to Representative Plaintiffs Prioli. The Deed evidencing transfer of the ownership of the subject property was recorded in the Norfolk Registry of Deeds in Book 23557 at Page 140 on April 7, 2006.

129.   On April 7, 2006, Representative Plaintiffs Prioli granted a Mortgage loan, secured by the subject property, in the Norfolk Registry of Deeds in Book 23557 at Page 142 on April 7, 2006 (the Prioli Mortgage) The Mortgage identified Advanced Mortgage Services LLC as the Lender and Mortgagee.

130.   The Prioli Mortgage states at Paragraph 22 as follows:

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument

without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

131.    On July 1, 2010, the Prioli Mortgage was purportedly assigned to Citibank.  Said assignment was recorded in the Norfolk County Registry of Deeds in Book 27848 at Page 177 on July 22, 2010.

132.    On or about July 21, 2016, Defendant, SPS, allegedly sent to Representative Plaintiffs Prioli a form default/ right to cure Notice purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Prioli Mortgage.  The Notice fails to inform the Representative Plaintiff of their "right to reinstate the mortgage after acceleration" and her "right to bring a court action".

133.    Also on or about July 21, 2016, Defendant SPS, allegedly sent to Representative Plaintiffs Prioli an "Untitled Letter" that does not include a heading.  On page 3 of the Untitled Letter the Letter states "you have a right to reinstate after acceleration of your loan *and* commencement of foreclosure proceedings" and "you have the right to bring a court action" (emphasis added).

134.    By using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" while the homeowners loan balance is increasing during such time.

135.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

136.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

137.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

138.    Representative Plaintiffs allege that the purported Default/ Right to Cure Notices and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages.  Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

139.    Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Prioli Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with Paragraph 22 of the mortgages.

140.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

141.    On August 5, 2019, a foreclosure deed, dated July 3, 2019 was recorded in the Middlesex County Registry of Deeds Book 73056 at Page 173 purporting to grant the Prioli property to Defendant Wilmington.  The foreclosure deed is null and void.

## CLASS ALLEGATIONS

142.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

143.    The Representative Plaintiffs bring this Action on behalf of themselves and all others so similarly situated.

144.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners who were sent default/ right to cure letters by SPS which fail to state that the Class Plaintiffs had a "right to reinstate the mortgage after acceleration" and a "right to bring a court action".

145.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners who were sent separate Untitled Letters that, reasonably construed, did not contain any language that would allow a mortgagor of average intellect to understand that the "right to reinstate after acceleration" and/or "right to bring a court action" language was intended to be read as a provision" of the separate paragraph 22 default/right to cure notices.

146.    The Representative Plaintiff sue on behalf of themselves and all homeowners of former homeowners who were sent separate Untitled Letters that stated that the homeowners had a "right

to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration. Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time.

147.    The Representative Plaintiff, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants breached and failed to strictly comply with the terms and condition precedents of the mortgages and further find said default notices and the subsequent foreclosures are invalid and void.

148.    Representative Plaintiffs ask that this Court find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default/ right to cure notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded.

149.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject properties.

150.    Class Plaintiffs seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

151.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

152.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

153.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

154.    On October 18, 2021, Plaintiffs, through their counsel, sent Defendants a Notice of Grievance in accordance with Paragraph 20 of the mortgages. As of the date of this Complaint none of the Defendants have contacted Plaintiffs' counsel or attempted to correct the errors outlined in this Complaint

<div align="center">

**COUNT I**
**DECLARATORY JUDGMENT**

</div>

155.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

156.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages failed to strictly comply with the mortgages because the Right to Cure Notices and separate and subsequent Untitled Letters can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice

and failed to notify the Class Plaintiffs of their rights to reinstate the mortgages after acceleration and their rights to bring a court action.

157.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

158.    Defendant, SPS, sent to Class Plaintiffs form default/ right to cure Notices purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Class Mortgages as described in this Complaint.  The Notices failed to inform the Class Plaintiffs of their rights to reinstate the Mortgages after acceleration and their rights to bring a court action.

159.    The Class Plaintiffs were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.  Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time.

160.    As such, the Defendants failed to provide the Class Plaintiffs strictly compliant Notices of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notices void.

161.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

162.    The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

163.    The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

164.    The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

165.    The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

166.    The Class Plaintiffs are entitled to quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

167.    The Class Plaintiffs are entitled to general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

168.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## MORTGAGE POWER OF SALE

169.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

170.    Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
> (POWER)
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale,** and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.
>
> (Emphasis added).

171.    As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.

172.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then

a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014) ("Failure

to comply strictly with the power of sale renders the foreclosure void.").

173.    The mortgages given by Class Plaintiffs, secured by the subject properties state at 22 as

follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

174.    Defendant, SPS, sent to Class Plaintiffs form default/ right to cure Notices purporting to

comply with M.G.L c. 244 §35A and Paragraph 22 of the Class Mortgages as described in this

Complaint.    The Notices failed to inform the Class Plaintiffs of their rights to reinstate the

Mortgages after acceleration and their rights to bring a court action.

175.   The Class Plaintiffs were sent separate Untitled Letters that stated that the homeowners had a "right to reinstate the mortgage after acceleration *and* commencement of foreclosure proceedings" as by using the conjunctive "and", the language in the Untitled Letter inaccurately suggests that the homeowner must wait until the "commencement of foreclosure proceedings" to attempt to reinstate the mortgage after acceleration.   Such additional language waters down the unequivocal right to reinstate after acceleration and may potentially deceive the homeowner to wait for "foreclosure proceedings" in order to attempt to reinstate their mortgages after acceleration, while the homeowners loan balances were increasing during such time

176.   Defendant SPS, sent to Class Plaintiffs an "Untitled Letter" that does not include a heading. The "right to bring a court action" language appears on page 3 of the letter.

177.   The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

178.   "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

179.   "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd

Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

180.    Representative Plaintiffs on behalf of the Class Plaintiffs allege that the purported Default/ Right to Cure Notice and separately Untitled Letters sent by SPS failed to strictly comply with Paragraph 22 of the Mortgages.  Therefore, the Defendants' notices are in breach of the strict compliance standard of the mortgages and in violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notices in accordance with Paragraph 22 of the Mortgages as a condition precedent to foreclosure.

181.    Representative Plaintiffs allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

182.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

183.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with Paragraph 22 of the Mortgages failed to strictly comply with the mortgages because the Right to Cure Notices and separate and subsequent Untitled Letters can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice and contain additional language suggesting that the right to reinstate after acceleration is contingent on the commencement of foreclosure proceedings.  Such language is inaccurate and potentially deceptive.

184.    Representative Plaintiff, on behalf of themselves and all others so similarly situated, allege that the notices sent purporting to state compliance with Paragraph 22 of the Mortgages were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

185.    As such, the Defendants failed to provide the Class Plaintiffs strictly compliant Notices of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notices void.

186.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

187.    The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

188.    The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

189.    The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

190.    The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

191.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

192.    The Defendants' failure to comply with the terms of the mortgage is in violation of G. L. c. 183, § 21. The foreclosures are therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to"); See also Paiva v. Bank of New York Mellon, USDC Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("Because the Court finds that Countrywide's notice ... did not strictly comply with the requirements of paragraph [22] of the mortgage, the foreclosure sale is void.").

193.    The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

194.    The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

195.    The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

196.    The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

197.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: November 19, 2021

<div style="margin-left:40%">

Respectfully Submitted, Plaintiffs,
By Their Attorney,
Todd S. Dion, Esq.

 /s/ Todd S. Dion
Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-270-2202 Fax
toddsdion@msn.com

</div>

**MIDDLESEX, ss.**    ***Commonwealth of Massachusetts***
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this Sixth day of January, 2022.

Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>21-4502 | Trial Court of Massachusetts<br>The Superior Court  |
|---|---|---|
| | | COUNTY |

| | | | |
|---|---|---|---|
| Plaintiff | Kelli Fleming, et al. | Defendant | Select Portfolio Servicing |
| ADDRESS: | 26 Montgomery Drive, Framingham, MA 01701 | ADDRESS: | 3217 South Decker Lake Drive, Salt Lake City, UT 84119 |
| | | | |
| | | | |
| Plaintiff Attorney: | Todd S. Dion | Defendant Attorney: | |
| ADDRESS: | 15 Cottage Avenue, Ste. 202, Quincy, MA 02169 | ADDRESS: | |
| | | | |
| | | | |
| BBO: | 659109 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| C99 | Wrongful foreclosures | | ☒ YES ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES ☒ NO | ☒ YES ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses     **RECEIVED**   11/19/2021    HG       _____

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

    _____

                           Subtotal (1-5):    **$0.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

    _____

                            TOTAL (A-F):    **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

_____

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Wrongful foreclosures - failure to strictly comply with acceleration notice provisions of mortgages | $1,000,000.00 |
| | Total | **$1,000,000.00** |

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Todd S Dion | Date: | November 19, 2021 |
|---|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

_____

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Todd S Dion | Date: | November 19, 2021 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA, etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (F)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/ Non-residential (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (A)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2181CV04502 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Fleming, Kelli et al vs. Select Portfolio Servicing et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| TO:  File Copy | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                      DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 02/17/2022 |  |
| Response to the complaint filed (also see MRCP 12) |  | 03/21/2022 |  |
| All motions under MRCP 12, 19, and 20 | 03/21/2022 | 04/19/2022 | 05/18/2022 |
| All motions under MRCP 15 | 03/21/2022 | 04/19/2022 | 05/18/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/15/2022 |  |  |
| All motions under MRCP 56 | 10/17/2022 | 11/14/2022 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 03/14/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 11/20/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>11/19/2021 | ASSISTANT CLERK<br>Arthur T DeGuglielmo | PHONE<br>(781)939-2754 |
|---|---|---|

Date/Time Printed: 11-19-2021 11:03:18                                                        SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2181CV04502

---

KELLI FLEMING, BETSY ANNE GOSSELIN,
JOSEPH T. PAPPALARDO, ALAN PETTWAY,
PETER M. SQUIRES, JARED MORGAN AND
DONNA M. PRIOLI AND PAUL S. PRIOLI, On
behalf of themselves and all others so similarly
situated,,

       Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, and

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
 2005-4 ASSET BACKED NOTES;

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, IN TRUST FOR
REGISTERED HOLDERS OF LONG BEACH
MORTGAGE LOAN TRUST 2006-1, ASSET-
BACKED CERTIFICATES, SERIES 2006-1;

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR LONG BEACH
MORTGAGE LOAN TRUST 2006-WL2;

U.S. BANK NA, SUCCESSOR TRUSTEE TO
BANK OF AMERICA, NA, SUCCESSOR IN
INTEREST TO LASALLE BANK NA, ON
BEHALF OF THE REGISTERED HOLDERS OF
BEAR STEARNS ASSET BACKED SECURITIES
I LLC, ASSET-BACKED CERTIFICATES,
SERIES 2007-AQ2;

U.S. BANK, SUCCESSOR TRUSTEE TO
LASALLE BANK NATIONAL ASSOCIATION,
ON BEHALF OF THE HOLDERS OF BEAR
STEARNS ASSET BACKED SECURITIES I
TRUST 2006-HE2, ASSET-BACKED
CERTIFICATES SERIES 2006-HE2

---

**RECEIVED**

12/6/2021

3843\309663975.v1

AB

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE, FOR THE CIM TRUST
2016-3, MORTGAGE-BACKED NOTES, SERIES
2016-3;

WILMINGTON TRUST, NA, SUCCESSOR
TRUSTEE TO CITIBANK, N.A., AS TRUSTEE
FOR BEAR STEARNS ALT-A TRUST 2006-4
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-4,

       Defendants.

## NOTICE OF APPEARANCE

Please enter the appearance of Donald W. Seeley, Jr., as counsel of record for the

Defendant, Select Portfolio Servicing, in the above-captioned matter.

Respectfully submitted,

Attorneys for Defendants SELECT
PORTFOLIO SERVICING

By: Its Attorneys

*/s/ Donald W. Seeley, Jr.*
Donald W. Seeley, Jr., BBO #663568
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
dseeley@hinshawlaw.com

Dated:    December 6, 2021

2

## CERTIFICATE OF SERVICE

I, Donald W. Seeley, Jr., hereby certify that on this 6th day of December, 2021, I served a true and accurate copy of the foregoing document to counsel of record by US Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169
toddsdion@msn.com

/s/ Donald W. Seeley, Jr.
Donald W. Seeley, Jr.

3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2181CV04502

---

KELLI FLEMING, BETSY ANNE GOSSELIN,
JOSEPH T. PAPPALARDO, ALAN PETTWAY,
PETER M. SQUIRES, JARED MORGAN AND
DONNA M. PRIOLI AND PAUL S. PRIOLI, On
behalf of themselves and all others so similarly
situated,,

        Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, and

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
2005-4 ASSET BACKED NOTES;

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, IN TRUST FOR
REGISTERED HOLDERS OF LONG BEACH
MORTGAGE LOAN TRUST 2006-1, ASSET-
BACKED CERTIFICATES, SERIES 2006-1;

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR LONG BEACH
MORTGAGE LOAN TRUST 2006-WL2;

U.S. BANK NA, SUCCESSOR TRUSTEE TO
BANK OF AMERICA, NA, SUCCESSOR IN
INTEREST TO LASALLE BANK NA, ON
BEHALF OF THE REGISTERED HOLDERS OF
BEAR STEARNS ASSET BACKED SECURITIES
I LLC, ASSET-BACKED CERTIFICATES,
SERIES 2007-AQ2;

U.S. BANK, SUCCESSOR TRUSTEE TO
LASALLE BANK NATIONAL ASSOCIATION,
ON BEHALF OF THE HOLDERS OF BEAR
STEARNS ASSET BACKED SECURITIES I
TRUST 2006-HE2, ASSET-BACKED
CERTIFICATES SERIES 2006-HE2

---

**RECEIVED**

12/6/2021

3843\309663648.v1

AB

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE, FOR THE CIM TRUST
2016-3, MORTGAGE-BACKED NOTES, SERIES
2016-3;

WILMINGTON TRUST, NA, SUCCESSOR
TRUSTEE TO CITIBANK, N.A., AS TRUSTEE
FOR BEAR STEARNS ALT-A TRUST 2006-4
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-4,

      Defendants.

## NOTICE OF APPEARANCE

      Please enter the appearance of Samuel C. Bodurtha as counsel of record for the Defendant,

Select Portfolio Servicing, in the above-captioned matter.


                  Respectfully submitted,

                  Attorneys for Defendant SELECT
                  PORTFOLIO SERVICING

                  By: Its Attorneys

                  */s/ Samuel C. Bodurtha*
                  Samuel C. Bodurtha, BBO #665755
                  HINSHAW & CULBERTSON LLP
                  53 State Street
                  27th Floor
                  Boston, MA 02109
                  Tel: 617-213-7000
                  Fax: 617-213-7001
                  sbodurtha@hinshawlaw.com


Dated:      December 6, 2021

3843\309663648.v1

## CERTIFICATE OF SERVICE

    I, Samuel C. Bodurtha, hereby certify that on this 6th day of December, 2021, I served a true and accurate copy of the foregoing document to counsel of record by US Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169
toddsdion@msn.com

                                      */s/ Samuel C. Bodurtha*
                                      Samuel C. Bodurtha

3843\309663648.v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2181CV04502

KELLI FLEMING, BETSY ANNE GOSSELIN,
JOSEPH T. PAPPALARDO, ALAN PETTWAY,
PETER M. SQUIRES, JARED MORGAN AND
DONNA M. PRIOLI AND PAUL S. PRIOLI, On
behalf of themselves and all others so similarly
situated,,

Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, and

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
2005-4 ASSET BACKED NOTES;

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, IN TRUST FOR
REGISTERED HOLDERS OF LONG BEACH
MORTGAGE LOAN TRUST 2006-1, ASSET-
BACKED CERTIFICATES, SERIES 2006-1;

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR LONG BEACH
MORTGAGE LOAN TRUST 2006-WL2;

U.S. BANK NA, SUCCESSOR TRUSTEE TO
BANK OF AMERICA, NA, SUCCESSOR IN
INTEREST TO LASALLE BANK NA, ON
BEHALF OF THE REGISTERED HOLDERS OF
BEAR STEARNS ASSET BACKED SECURITIES
I LLC, ASSET-BACKED CERTIFICATES,
SERIES 2007-AQ2;

U.S. BANK, SUCCESSOR TRUSTEE TO
LASALLE BANK NATIONAL ASSOCIATION,
ON BEHALF OF THE HOLDERS OF BEAR
STEARNS ASSET BACKED SECURITIES I
TRUST 2006-HE2, ASSET-BACKED
CERTIFICATES SERIES 2006-HE2

**RECEIVED**

**12/20/2021**

1046684\309757601.v1

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE, FOR THE CIM TRUST
2016-3, MORTGAGE-BACKED NOTES, SERIES
2016-3;

WILMINGTON TRUST, NA, SUCCESSOR
TRUSTEE TO CITIBANK, N.A., AS TRUSTEE
FOR BEAR STEARNS ALT-A TRUST 2006-4
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-4,

        Defendants.

## NOTICE OF APPEARANCE

Please enter the appearance of Donald W. Seeley, Jr. as counsel of record in the above

captioned matter for the Defendants:

- Deutsche Bank National Trust Company, as Indenture trustee, on Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes:

- Deutsche Bank National Trust Company as Trustee, in Trust for the Registered Holders of Long Beach Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1;

- Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-WL2;

- U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2007-AQ2;

- U.S. Bank, Successor Trustee to LaSalle Bank National Association, on behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE2, Asset Backed Certificates, Series 2006-HE2;

- U.S. Bank National Association, as Indenture Trustees, for the CIM Trust 2016-3, Mortgage-Backed Notes, Series 2016-3;

- Wilmington Trust, NA, Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns ALT-A Trust 2006-4 Mortgage Pass-Through Certificates, Series 2006-4.

2

Respectfully submitted,

Attorneys for Defendants

By: Its Attorneys

*/s/ Donald W. Seeley, Jr.*
Samuel C. Bodurtha, BBO #665755
Donald W. Seeley, Jr., BBO #663568
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
sbodurtha@hinshawlaw.com
dseeley@hinshawlaw.com

Dated:    December 20, 2021

### CERTIFICATE OF SERVICE

I, Donald W. Seeley, Jr., hereby certify that on this 20th day of December, 2021, I served a true and accurate copy of the foregoing document to counsel of record by US Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue,Suite 202
Quincy, MA 02169
toddsdion@msn.com

*/s/ Donald W. Seeley, Jr.*
Donald W. Seeley, Jr.

3

1046684\309757601.v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2181CV04502

---

KELLI FLEMING, BETSY ANNE GOSSELIN,
JOSEPH T. PAPPALARDO, ALAN PETTWAY,
PETER M. SQUIRES, JARED MORGAN AND
DONNA M. PRIOLI AND PAUL S. PRIOLI, On
behalf of themselves and all others so similarly
situated,,

      Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, and

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
2005-4 ASSET BACKED NOTES;

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, IN TRUST FOR
REGISTERED HOLDERS OF LONG BEACH
MORTGAGE LOAN TRUST 2006-1, ASSET-
BACKED CERTIFICATES, SERIES 2006-1;

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR LONG BEACH
MORTGAGE LOAN TRUST 2006-WL2;

U.S. BANK NA, SUCCESSOR TRUSTEE TO
BANK OF AMERICA, NA, SUCCESSOR IN
INTEREST TO LASALLE BANK NA, ON
BEHALF OF THE REGISTERED HOLDERS OF
BEAR STEARNS ASSET BACKED SECURITIES
I LLC, ASSET-BACKED CERTIFICATES,
SERIES 2007-AQ2;

U.S. BANK, SUCCESSOR TRUSTEE TO
LASALLE BANK NATIONAL ASSOCIATION,
ON BEHALF OF THE HOLDERS OF BEAR
STEARNS ASSET BACKED SECURITIES I
TRUST 2006-HE2, ASSET-BACKED
CERTIFICATES SERIES 2006-HE2

---

**RECEIVED**

**12/20/2021**

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE, FOR THE CIM TRUST
2016-3, MORTGAGE-BACKED NOTES, SERIES
2016-3;

WILMINGTON TRUST, NA, SUCCESSOR
TRUSTEE TO CITIBANK, N.A., AS TRUSTEE
FOR BEAR STEARNS ALT-A TRUST 2006-4
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-4,

    Defendants.

## NOTICE OF APPEARANCE

Please enter the appearance of Samuel C. Bodurtha as counsel of record in the above

captioned matter for the Defendants:

- Deutsche Bank National Trust Company, as Indenture trustee, on Deutsche Bank National
  Trust Company, as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage
  Loan Trust 2005-4 Asset Backed Notes:

- Deutsche Bank National Trust Company as Trustee, in Trust for the Registered Holders of
  Long Beach Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1;

- Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust
  2006-WL2;

- U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle
  Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I
  LLC, Asset Backed Certificates, Series 2007-AQ2;

- U.S. Bank, Successor Trustee to LaSalle Bank National Association, on behalf of the
  Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE2, Asset Backed
  Certificates, Series 2006-HE2;

- U.S. Bank National Association, as Indenture Trustees, for the CIM Trust 2016-3,
  Mortgage-Backed Notes, Series 2016-3;

- Wilmington Trust, NA, Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns
  ALT-A Trust 2006-4 Mortgage Pass-Through Certificates, Series 2006-4.

2

Respectfully submitted,

Attorneys for Defendants

By: Its Attorneys

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, BBO #665755
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
sbodurtha@hinshawlaw.com


Dated:     December 20, 2021


## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 20th day of December, 2021, I served a true and accurate copy of the foregoing document to counsel of record by US Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169
toddsdion@msn.com


/s/ Samuel C. Bodurtha
Samuel C. Bodurtha


3

1046684\309757514.v1

3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, SS:                        SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT
                                             CIVIL ACTION NO. 2181CV04502

---

KELLI FLEMING, BETSY ANNE GOSSELIN,
JOSEPH T. PAPPALARDO, ALAN PETTWAY,
PETER M. SQUIRES, JARED MORGAN and
DONNA M. PRIOLI and PAUL S. PRIOLI, on
behalf of themselves and all others so similarly
situated,

        Plaintiffs,

v.

SELECT PORTFOLIO SERVICING and

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE, ON        **RECEIVED**
BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST 2005-      12/20/2021
4 ASSET BACKED NOTES;

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, IN TRUST FOR
REGISTERED HOLDERS OF LONG BEACH
MORTGAGE LOAN TRUST 2006-1, ASSET-
BACKED CERTIFICATES, SERIES 2006-1;

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR LONG BEACH
MORTGAGE LOAN TRUST 2006-WL2;

U.S. BANK NA, SUCCESSOR TRUSTEE TO
BANK OF AMERICA, NA, SUCCESSOR IN
INTEREST TO LASALLE BANK NA, ON
BEHALF OF THE REGISTERED HOLDERS OF
BEAR STEARNS ASSET BACKED SECURITIES
I LLC, ASSET-BACKED CERTIFICATES,
SERIES 2007-AQ2;

U.S. BANK, SUCCESSOR TRUSTEE TO
LASALLE BANK NATIONAL ASSOCIATION,
ON BEHALF OF THE HOLDERS OF BEAR
STEARNS ASSET BACKED SECURITIES I
TRUST 2006-HE2, ASSET-BACKED
CERTIFICATES SERIES 2006-HE2;

---

1047081\309726221.v1

IC

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE, FOR THE CIM TRUST
2016-3, MORTGAGE-BACKED NOTES, SERIES
2016-3;

WILMINGTON TRUST, NA, SUCCESSOR
TRUSTEE TO CITIBANK, N.A., AS TRUSTEE
FOR BEAR STEARNS ALT-A TRUST 2006-4,
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-4,

               Defendants.

## NOTICE OF FILING
## OF NOTICE OF REMOVAL

TO:    Civil Clerk's Office                      Todd S. Dion, Esq.
        Middlesex Superior Court           15 Cottage Avenue, Suite 202
        200 Trade Center                  Quincy, MA 02169
        Woburn, MA 01801

Pursuant to 28 U.S.C. § 1446, Defendant Select Portfolio Servicing, hereby provides notice

that on December 20, 2021, Defendant filed a Notice of Removal of this action from the Superior

Court of the Commonwealth of Massachusetts, to the United States District Court for the District

of Massachusetts. The Notice of Removal is attached hereto as **Exhibit A**

                                  Respectfully submitted,

                                  SELECT PORTFOLIO SERVICING

                                  By: Its Attorneys

                                  */s/ Samuel C. Bodurtha*
                                  Samuel C. Bodurtha, BBO #665755
                                  Donald W. Seeley, Jr., BBO #663568
                                  HINSHAW & CULBERTSON LLP
                                  53 State Street, 27th Floor
                                  Boston, MA 02109
                                  617-213-7000
                                  617-213-7001
                                  sbodurtha@hinshawlaw.com
                                  dseeley@hinshawlaw.com

Dated:       December 20, 2021

1047081\309726221.v1

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel C. Bodurtha, hereby certify that on this 20th day of December 2021, I served a true and accurate copy of the foregoing document to counsel of record by First Class Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169
toddsdion@msn.com

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha

3

1047081\309726221.v1